FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

MAY 0 1 2026

GARY P. SERDAR
CLERK OF COURT
BY ______________
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

GRAE MOORE,

Plaintiff,

v.

FIRST-CITIZENS BANK & TRUST COMPANY,

Defendant.

Case: 2:26-cv-00365
Assigned To : Romero, Cecilia M.
Assign. Date : 5/1/2026
Description: Moore v First Citizens Bank & Trust Company

Case No. ______________

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. PARTIES

1. Plaintiff Grae Moore is an individual residing in Salt Lake County, Utah.

2. Defendant First-Citizens Bank & Trust Company is a corporation doing business in Utah and other states, including North Carolina and California.

3. At all times relevant to this complaint, Defendant was Plaintiff's employer within the meaning of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

4. Plaintiff's employment, protected leave, accommodation requests, and adverse actions involved work and management structures affecting Utah and other states, including North Carolina and California.

## II. JURISDICTION AND VENUE

5. This action arises under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq.; the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under federal law.

7. Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district, and Plaintiff resides in this district.

8. Plaintiff has exhausted administrative remedies. Plaintiff filed a charge of discrimination with the Utah Antidiscrimination and Labor Division (UALD) and/or the Equal Employment Opportunity Commission (EEOC).

9. Plaintiff received a Notice of Right to Sue dated February 2, 2026, and is filing this action within the required time period.

## III. FACTUAL ALLEGATIONS

10. Plaintiff has a documented disability and disclosed this condition to Defendant prior to and during employment.

11. Defendant was aware of Plaintiff's disability and need for accommodations, including during onboarding and throughout Plaintiff's employment.

12. Plaintiff performed work for Defendant in a compliance-related role and met performance expectations.

13. Plaintiff took protected leave under the Family and Medical Leave Act (FMLA).

14. Following Plaintiff's protected leave, Plaintiff experienced significant changes in role, responsibilities, and reporting structure.

15. These changes included reduction in managerial duties, reassignment of responsibilities, and restructuring that diminished Plaintiff's role.

16. Plaintiff raised concerns internally regarding treatment, accommodations, and workplace conditions, including through Human Resources.

17. Defendant was aware of these concerns but failed to take appropriate corrective action.

18. Plaintiff was subsequently subjected to adverse actions, including disciplinary measures and negative treatment.

19. The timing of these actions followed Plaintiff's protected activities, including requests for accommodation and use of FMLA leave.

20. Plaintiff also experienced ongoing issues related to gender identity, including repeated use of Plaintiff's prior name despite notice and documentation of Plaintiff's legal name change.

21. As a result of Defendant's actions, Plaintiff suffered harm including emotional distress, financial harm, and damage to career trajectory.

IV. CLAIMS FOR RELIEF

COUNT I – Disability Discrimination and Failure to Accommodate (ADA)

22. Plaintiff realleges and incorporates by reference the preceding paragraphs.

23. Plaintiff is an individual with a disability within the meaning of the ADA.

24. Defendant was aware of Plaintiff's disability and need for reasonable accommodations.

25. Defendant failed to provide reasonable accommodations and subjected Plaintiff to adverse actions because of Plaintiff's disability.

26. As a result, Defendant violated the Americans with Disabilities Act.

COUNT II – FMLA Retaliation

27. Plaintiff realleges and incorporates by reference the preceding paragraphs.

28. Plaintiff engaged in protected activity by taking leave under the Family and Medical Leave Act.

29. Defendant subjected Plaintiff to adverse actions following Plaintiff's use of FMLA leave.

30. The adverse actions were causally related to Plaintiff's protected leave.

31. As a result, Defendant violated the Family and Medical Leave Act.

COUNT III – Discrimination Based on Sex (Gender Identity) (Title VII)

32. Plaintiff realleges and incorporates by reference the preceding paragraphs.

33. Plaintiff is a member of a protected class based on gender identity.

34. Defendant subjected Plaintiff to adverse treatment, including failure to respect Plaintiff's legal name and identity.

35. Defendant's actions constitute discrimination based on sex in violation of Title VII.

COUNT IV – Retaliation

36. Plaintiff realleges and incorporates by reference the preceding paragraphs.

37. Plaintiff engaged in protected activity, including requesting accommodations and reporting concerns regarding discrimination and workplace conditions.

38. Defendant subjected Plaintiff to adverse actions after Plaintiff engaged in protected activity.

39. There is a causal connection between Plaintiff's protected activity and the adverse actions.

40. As a result, Defendant violated the anti-retaliation provisions of federal law, including the ADA and Title VII.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and grant the following relief:

A. Declare that Defendant's actions violated federal law, including the ADA, FMLA, and Title VII;

B. Award compensatory damages for emotional distress, pain and suffering, and other non-economic harm;

C. Award back pay, front pay, and other lost compensation and benefits;

D. Award punitive damages to the extent permitted by law;

E. Award reasonable costs and any applicable fees;

F. Grant such other and further relief as the Court deems just and proper.

DATED this 1 day of MAY, 2026.

Grae Moore

Grae Moore

Plaintiff, Pro Se

1342 Maplewood Dr S.

Murray, Utah

385-420-3345

graedavidmoore@gmail.com